**No. 45598.**—Protest 879662–G of M. Pressner & Co. (New York).

Opinion by OLIVER, P. J.   It was stipulated that items consisting of whistling balloons, rubber balloons, and noisemakers in part of bamboo are similar to those the subject of Abstract 40493.   The claim at 45 percent under paragraph 409 was therefore sustained.

**No. 45599.**—Protest 2718–K of Levin Bros. (New York).

Opinion by OLIVER, P. J.   It was stipulated that the merchandise consists of rubber rats in part of bamboo similar to those the subject of Abstract 40389. The claim at 45 percent under paragraph 409 was therefore sustained.

**No. 45600.**—Protest 48785–K of General Concession Corp. (Baltimore).

Opinion by OLIVER, P. J.   On the record presented the protest was overruled.

BEFORE THE FIRST DIVISION, APRIL 1, 1941

**No. 45601.**—Protests 8055–K, etc., of Q. W. Lung Co. et al. (Boston).

Opinion by BROWN, J.   In accordance with stipulation of counsel fish in lard with beans was held dutiable at 20 percent under paragraph 1558, Abstract 42516 followed, and fish in lard at 25 percent under paragraph 718 (b).   Abstract 41801 followed.

**No. 45602.**—Protest 47871–K of New York Merchandise Co., Inc. (New York).

Opinion by OLIVER, P. J.   The opera glasses in question were held dutiable at 35 percent under paragraph 228 (b) and the French Trade Agreement in accordance with stipulation of counsel.   *Woolworth* v. *United States* (2 Cust. Ct. 1, C. D. 74) followed.

**No. 45603.**—Protest 53802–K of L. Greenberg & Son, Inc. (New York).

OPINION by OLIVER, P. J.   The opera glasses in question were held dutiable at 35 percent under paragraph 228 (b) and the French Trade Agreement in accordance with stipulation of counsel.   *Woolworth* v. *United States* (2 Cust. Ct. 1, C. D 74) followed.